**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARLENE SUYAPA VELASQUEZ BONILLA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-73900 <br><br> Agency No. A095-740-876 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Marlene Suyapa Velasquez Bonilla, a native and citizen of Mexico, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

her appeal from an immigration judge's ("IJ") order denying her motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales,* 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying as untimely Velasquez Bonilla's motion to reopen alleging exceptional circumstances, where it was not submitted within 180 days of the IJ's February 2, 2011, order, *see* 8 C.F.R. § 1003.23(b)(4)(ii) (an alien seeking to reopen and rescind an in absentia removal order based on exceptional circumstances must file the motion within 180 days), and she failed to establish that she qualified for equitable tolling of the filing deadline, *see Avagyan v. Holder,* 646 F.3d 673, 678-80 (9th Cir. 2011).

Velasquez Bonilla received proper notice of her removal hearing because she was personally served a Notice to Appear, *see* 8 U.S.C. § 1229(a); *see also Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n. 4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English."), and the hearing notice was mailed to the most recent address she provided, *see* 8 U.S.C. §§ 1229(c), 1229a(b)(5)(A).

Velasquez Bonilla's contention that, in making its decision, the agency failed to consider all the relevant factors, is not supported by the record.

**PETITION FOR REVIEW DENIED.**